IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD KUNKEL,

        Plaintiff,                                  No. CIV S-06-1234 MCE KJM PS

     vs.

STATE OF CALIFORNIA DEPARTMENT
OF TRANSPORTATION, et al.,

        Defendant.                                <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief under and has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.

6  A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15 The court has determined that the complaint[1] does not contain a short and plain
16 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
17 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
18 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Here,
19 plaintiff has filed over 100 pages, consisting of a collection of different documents and portions
20 of a pleading that appears to have been filed in a different case.  Because plaintiff has failed to
21 comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The
22 court will, however, grant leave to file an amended complaint.

---

[1] In issuing this order, the court has reviewed the complaint filed on June 6, 2006.  While plaintiff filed a document titled "amended complaint" on June 9, 2006, that document consists of only one pleading page and one attachment and appears to be an attempt to supplement the original complaint.  For the reasons discussed herein, this "amended complaint" also will be dismissed with leave to amend.

1    If plaintiff chooses to amend the complaint, plaintiff must set forth the
2 jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil
3 Procedure 8(a).  Plaintiff must demonstrate how the conduct complained of has resulted in a
4 deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
5 Further, plaintiff must allege with at least some degree of particularity overt acts in which
6 defendants engaged that support plaintiff's federal claims.  Jones, 733 F.2d at 649.  To the extent
7 plaintiff pleadings can be deciphered, it appears that plaintiff has stated only state law claims.  As
8 such, such claims should be pursued in state court, not federal court.

9    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
10 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
11 amended complaint be complete in itself without reference to any prior pleading.  This is
12 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
13 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
14 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
15 original complaint, each claim and the involvement of each defendant must be sufficiently
16 alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:
18    1. Plaintiff's request to proceed in forma pauperis is granted;
19    2. Plaintiff's complaint filed on June 6, 2006 is dismissed;
20    3. Plaintiff's "amended complaint" filed on June 9, 2006 is dismissed; and
21    4. Plaintiff is granted thirty days from the date of service of this order to file an
22 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
23 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
24 /////
25 /////
26 /////

1  this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
2  copies of the amended complaint; failure to file an amended complaint in accordance with this
3  order will result in a recommendation that this action be dismissed.
4  DATED: June 19, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
kunkel.ifp-lta